Porter, J.
It appears by the record, that this action was commenced to obtain a forced surrender of the property belonging to the ancestor of the defendants; and that the judge directed a meeting of the creditors on no other evidence but the oath of the plaintiffs.
We had occasion to examine this question in the suit of Ward vs. Brandt & al, 9 Martin, 625, and after an elaborate argument, and mature reflection, a majority of this court thought that the oath alone of the party ap *668 plying for this remedy, was not sufficient to authorise the judge to grant it.
I am still of the same opinion for the reasons there adduced, and consequently must decide, that the order granting a stay of proceedings, and calling a meeting of creditors, improvidently issued in this case.
It is however urged, that the creditor who made opposition in this cause, had no right to do so. And that the decree of the court below, can only be examined on a defence made and an appeal taken by the debtor.
But I think that an order of this description, which suspends all proceedings, and directs a meeting of the creditors, makes every person to whom the alleged insolvent is indebted, defendants, and authorises them to come in and shew that they are improperly deprived of their right to prosecute their actions at law.
It is unnecessary to examine the other questions raised in this cause, and our judgment should be that that of the district court be affirmed with costs.